.

**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX:   (406) 657-6989
E-Mail: Colin.Rubich@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **MOLLY MAY FOGLE,** Defendant. | CR 18-53-BLG-SPW **OFFER OF PROOF** |

The United States of America, represented by Assistant United States Attorney Colin M. Rubich, files its offer of proof in anticipation of the change of plea hearing set in this case on August 30, 2018.

1

## THE CHARGE

The defendant, Molly May Fogle, is charged by indictment with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count I); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Count II).

## PLEA AGREEMENT

There a plea agreement in this case. Fogle will plead guilty to Count II, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At the time of sentencing, the United States will move to dismiss Count I, if the Court accepts the plea agreement. In the government's view, the plea agreement filed with the Court represents the most favorable offer made to the defendant. *See Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS OF THE CHARGE

In order for Fogle to be found guilty of Count II, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), the United States must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly possessed methamphetamine; and

**Second**, the defendant possessed it with the intent to distribute it to another person.

Additionally, while not a formal element of the offense, the government would have to prove that the amount of methamphetamine Fogle possessed with the intent to distribute totaled 50 or more grams of actual methamphetamine.

## PENALTY

Count II carries a mandatory minimum penalty of ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On January 31, 2018, an EMHIDTA confidential informant purchased approximately one ounce of methamphetamine from the defendant, Molly Fogle, at the Western Motel in Billings. EMHIDTA agents executed a search warrant on a room at a motel that Fogle was seen frequenting. Inside, agents seized approximately 141 grams of methamphetamine.

While the search warrant was being executed on the motel room, agents detained Fogle inside a nearby drugstore. Agents found another small bag of methamphetamine on her person. Fogle was advised of her Miranda rights and

agreed to speak to the investigators without an attorney present.   She admitted she had been selling drugs, but declined to reveal her source.

The agents also seized two cell phones from Fogle.   The investigators applied for and were granted a search warrant to examine the phones.   A review of the text messages revealed significant evidence that Fogle had been engaged in selling both methamphetamine and heroin.

DATED this 21st day of August, 2018.

>KURT G. ALME
>United States Attorney
>
>*/s/ Colin M. Rubich*
>COLIN M. RUBICH
>Assistant U.S. Attorney